UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Charles H. Emery

v.                                          Civil No. 10-cv-511-JL

Michael J. Astrue, Commissioner
Social Security Administration


**REPORT AND RECOMMENDATION**

Charles Emery seeks judicial review of a decision of the
Social Security Administration to deny his application for
benefits.  Before me for a report and recommendation is the
Commissioner's motion to dismiss, or to transfer this case, due
to improper venue.  Emery has filed no objection.  For the
reasons given, I recommend that the Commissioner's motion be
granted, and the case be transferred to the District of Vermont.

The statutory provision on which Emery relies for his cause
of action provides that civil actions seeking review of
decisions by the Commissioner of Social Security "shall be
brought in the district court of the United States for the
judicial district in which the plaintiff resides, or has his
principal place of business."  42 U.S.C. § 405(g).  In his
complaint, Emery states that he "currently resides at 82 Grove
Street, Apt. #3, in the City of Rutland, County of Rutland, and

State of Vermont."  Compl. ¶ 2.  He further avers that "[w]hen

[he] filed his application for benefits he had been a long-term

resident of Manchester, New Hampshire [and that] [t]he

application was processed in New Hampshire and the appeal

hearing was held at ODAR in Manchester, N.H."  Id.  The

Commissioner argues that because Emery resides in Vermont, and

makes no allegation concerning a principal place of business in

New Hampshire, venue does not lie in this judicial district.

The Commissioner is correct.

     Faced with an action filed in the wrong district, the court

has two options.  It could dismiss the case.  See Sanders v.

U.S. Gov't, No. 1:08-CV-0190-JTC, 2009 WL 1241636, at *1 (N.D.

Ga. Jan. 22, 2009) (dismissing, without prejudice, Social

Security benefits claim brought in Northern District of Georgia

by resident of California).  Or, it could transfer the case to

the District of Vermont.  See Tyler v. Comm'r of Soc. Sec., Civ.

No. 08-6275 (RMB), 2009 WL 3447236, at *2-3 (D.N.J. Oct. 20,

2009) (transferring case from District of New Jersey to District

of South Carolina); cf. Crews v. Sullivan, 929 F.2d 703

(unpublished table decision), No. 90-2094, 1991 WL 46409, at *1

(7th Cir. Apr. 3, 1991) (noting change of venue due to

claimant's move from one district to another); Banushi v.

Barnhart, Civ. No. 06-10042-RWZ, 2007 WL 1858658, at *1 (D.

Mass. June 26, 2007) (noting that magistrate judge in District

of Rhode Island had transferred case to District of

Massachusetts due to improper venue).  Here, I recommend that

"in the interest of justice," 28 U.S.C. § 1404(a), this case be

transferred to the District of Vermont.

Any objections to this report and recommendation must be

filed within fourteen (14) days of receipt of this notice.

Failure to file objections within the specified time waives the

right to appeal the district court's order.  See Unauth.

Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir.

1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir.

1986).


_____

Landya B. McCafferty
United States Magistrate Judge

Date:  February 14, 2011

cc:  Janine Gawryl, Esq.
     T. David Plourde, Esq.